```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF ARIZONA

KEVIN LEE NORRIS,                )
                                 )
         Petitioner,             )    CIV 10-02071 PHX DGC (MEA)
                                 )
    v.                           )    REPORT AND RECOMMENDATION
                                 )
CHARLES L. RYAN,                 )
ARIZONA ATTORNEY GENERAL,        )
                                 )
         Respondents.            )
                                 )
_____)
```

**TO THE HONORABLE DAVID G. CAMPBELL:**

On or about September 24, 2010, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 8) on December 7, 2010. Respondents contend the action for habeas relief should be denied and dismissed because Petitioner failed to file his action within the applicable statute of limitations. Petitioner has not filed a reply to the answer to his petition.

**I Procedural History**

In 1989, a jury convicted Petitioner on three counts of child molestation, two counts of sexual abuse, two counts of sexual conduct with a minor, one count of public sexual indecency to a minor, and three counts of sexual exploitation of

a minor. Petitioner was sentenced to consecutive terms of imprisonment totaling 171 years. <u>See</u> Answer, Exh. A.

Petitioner took a timely direct appeal of his convictions and sentences. On February 18, 1992, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision. <u>Id.</u>, Exh. C. Petitioner sought review of this decision by the Arizona Supreme Court, which denied review in a decision issued November 5, 1992. <u>Id.</u>, Exh. E.

Petitioner initiated a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on May 22, 1997. <u>Id.</u>, Exh. F. Petitioner was appointed counsel in his Rule 32 action. <u>Id.</u>, Exh. F. Petitioner's appointed counsel subsequently filed a pleading averring that he had searched the record and was unable to find a tenable issue to raise on Petitioner's behalf. <u>Id.</u>, Exh. G.[1]

On November 19, 1997, the trial court issued an order requiring Petitioner to file any *pro se* petition delineating his claims for post-conviction relief on or before December 19, 1997. <u>Id.</u>, Exh. H. Petitioner failed to file a petition and, on January 7, 1998, the trial court issued an order dismissing the Rule 32 action. <u>Id.</u>, Exh. I. It appears Petitioner appealed this decision to the Arizona Court of Appeals and the

---

[1] Petitioner was represented by the public defender's office during his pretrial proceedings, by private counsel during his trial, and by Mr. Kemper of the public defender's office in his direct appeal. Despite Petitioner's plea for counsel outside the public defender's office, Mr. Kemper was appointed to represent Petitioner in his Rule 32 proceedings. <u>See</u> Answer, Exh. F.

-2-

Arizona Supreme Court, which denied review on March 5, 1998. See id., Exh. I.

Petitioner initiated a second Rule 32 action on July 24, 2008. Id., Exh. K. In that Rule 32 action Petitioner, relying upon Arizona v. Donald, 198 Ariz. 406, 10 P.3d 1193 (Ct. App. 2000), claimed that his trial counsel was ineffective because counsel failed to convince Petitioner to accept a plea offer.

In a decision issued August 18, 2008, the state trial court dismissed the second Rule 32 action, finding it was time-barred pursuant to Arizona law. The Arizona trial court also concluded that Donald was not a change in the law which would apply retroactively to Petitioner. Id., Exh. M.

In his federal habeas action Petitioner asserts he is entitled to relief from his convictions and sentences because he was denied the effective assistance of counsel, i.e., his counsel did not convince Petitioner to accept a plea offer. Petitioner also contends he was denied his right to equal protection of the law because he is being "unduly punished by the State" due to counsel's alleged ineffectiveness.

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432

-3-

F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Additionally, the AEDPA required state prisoners whose convictions became final before April 24, 1996, to file their petitions for habeas corpus relief from those convictions by April 25, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The running of this one-year statute of limitations on habeas petitions for state convictions which became final before April 24, 1996, was suspended during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending" in any state court. 28 U.S.C. § 2244(d)(2). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008); Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000).

Petitioner's conviction and sentence became final in late 1992 or early 1993, at the conclusion of his direct appeal proceedings, i.e., when the time expired for seeking certiorari from the Arizona Supreme Court's decision in his direct appeal. Petitioner's conviction became final prior to the effective date of the AEDPA. Accordingly, Petitioner had until April 25, 1997, to file a federal petition for habeas relief regarding his convictions.

Petitioner did not file a federal habeas action prior to expiration of the statute of limitations on April 25, 1997. Petitioner's filing of an action pursuant to Rule 32, Arizona Rules of Criminal Procedure, on May 22, 1997, could not and did

-4-

not restart the already-expired statute of limitations for filing Petitioner's federal habeas action.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner is not entitled to the equitable tolling of the statute of limitations.  A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).  See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action.  See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly"). The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See Espinoza Matthews, 432 F.3d at 1026; Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). See also Chaffer, 592 F.3d at 1049; Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner has not filed a reply to the answer to his habeas petition, which answer contends the petition is not

timely filed. Petitioner has not filed a pleading asserting why he might be entitled to equitable tolling of the statute of limitations.

### III Conclusion

The section 2254 petition was not filed within the statute of limitations specified by the AEDPA. Petitioner has not offered the Court a basis for the equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Norris' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 20th day of January, 2011.

_____
Mark E. Aspey
United States Magistrate Judge

-8-